People v Jones (2023 NY Slip Op 01262)

People v Jones

2023 NY Slip Op 01262

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt-Burke, JJ. 

Ind. No. 2272/18, 3359/18 Appeal No. 15687 Case No. 2019-4367 

[*1]The People of the State of New York, Respondent,
v
Shawn Jones, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Rebecca Besdin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J. at suppression motion, plea, and hearing upon remand; Diane R. Kiesel, J. at sentencing), rendered April 30, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of six years, unanimously reversed, on the law, defendant's suppression motion granted and the indictment dismissed.
This Court previously held this appeal in abeyance pending a hearing on defendant's suppression motion (204 AD3d 476 [1st Dept 2022]). Upon remand, the court conducted a hearing and denied defendant's motion to suppress various contraband found pursuant to a search warrant obtained after executing an arrest warrant for defendant in his apartment.
The hearing evidence supports findings as follows: The police executing the arrest warrant knocked and heard movement in the apartment but received no response, they announced that they were police and again received no response, and they then entered the apartment after finding that the door was unlocked. Only after opening the door, and after entering the apartment, a detective announced, "NYPD arrest warrant." There was no evidence that in any way suggests that the police, before entering the apartment, attempted to satisfy the statutory requirement of giving "notice" of their "purpose" (CPL 120.80[4]; see People v Frank, 35 NY2d35 NY 874 874, 876 [1974]). Accordingly, the court should have granted defendant's motion to suppress the physical evidence at issue. We have considered and rejected the People's arguments regarding attenuation and the applicability of the exclusionary rule to this situation.
Given this determination, we need not address any other issues, including those raised on the original appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023